**Stephen P. Rickles,** OSB #793613
    steve@rickles-law.com
**Martin W. Jaqua,** OSB #860528
    mjaqua@rickles-law.com
THE RICKLES LAW FIRM, PC
1839 NW 24th Avenue
Portland, Oregon 97210-2537
Telephone: 503.229.1850
Facsimile: 503.229.1856
    Attorneys for Defendants George Fox
    University, Boughton, Casey, Bates,
    Sanders, Haberly, Taylor, Johnstone,
    Pothoff and Taylor

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | | |
|---|---|---|
| SAMUEL W. WANI, | | |
| | Plaintiff, | Case No. 3:17-CV-1011-YY |
| v. | | **INDIVIDUAL GEORGE FOX DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| GEORGE FOX UNIVERSITY, PROVIDENCE MEDICAL GROUP, DR. THOMAS CROY MD, DOMINICK FIX-GONZALEZ, GREGG BOUGHTON, CHRIS CASEY, JOHN BATES, IAN SANDERS, GABE HABERLY, CRAIG TAYLOR, DAVE JOHNSTONE, MARK POTHOFF, SARAH TAYLOR | | |
| | Defendants. | |

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1(a)

The undersigned counsel for the moving defendants certifies that a good faith effort was been made to confer with plaintiff prior to filing this motion, specifically through email correspondence to plaintiff outlining the grounds for the proposed motion, attaching supporting legal authority, and inviting plaintiff to confer further by email or telephone.  On March 1, 2018, plaintiff responded to the undersigned by email and confirmed that he would not consent to the proposed motion, and planned to oppose it if filed.

## MOTION

Individual defendants Gregg Boughton, Chris Casey, John Bates, Ian Sanders, Gabe Haberly, Craig Taylor, Dave Johnstone, Mark Pothoff and Sarah Taylor (referred to collectively below as "Defendants"), hereby move the court for an order, pursuant to FRCP 12(c), granting judgment on the pleadings in their favor on plaintiff's single remaining claim against them.

Based on the court's February 22, 2018 Findings and Recommendation (Docket No. 128) on the George Fox defendants' Rule 12 motions, plaintiff's single remaining claim against the George Fox defendants is the "Fourth Claim" referred to on page 3 of the Findings and Recommendation.  The claim is specifically alleged at page 10 of the Complaint in paragraph 4 of the "Statement of Claim" section, and labeled as "Racial discrimination and hatred."

The motion is based upon the file herein and the legal points and authorities set out below.

## Supporting Legal Memorandum

**1.    Introduction and Summary of the Narrow Issue Before the Court.**

This motion raises a narrow question of law suitable for resolution on the pleadings, without the submission or consideration of further documentary evidence. That single question is whether individual employees of an institution, in this case George Fox University, may be personally sued under 42 UCS §2000d, also referred to as part of "Title VI" of the Civil Rights Act of 1964. Because the answer to that narrow, purely legal question is "no," Claim Four should be dismissed on the pleadings as to Defendants, pursuant to Federal Rule of Procedure 12(c).[1]

**2.    General Rule 12(c) Standards.**

Although earlier Ninth Circuit case law uses slightly different variations of the standards for granting a motion for judgment on the pleadings, the currently-applicable standard appears to be the one stated as follows in *Harris v. County of Orange*, 682 F3d 1126, 1131 (9th Cir 2012):

---

[1] This motion will assume, for the sake of argument only, that Claim Four states a valid Title VI claim against George Fox University in its alleged status as a recipient of the type of "federal financial assistance" referenced in §2000d, thereby subjecting it to a claim for damages based on alleged racial discrimination in a recipient program. George Fox plans to soon file a motion for summary judgment on the merits of Claim Four, rather than challenging it on the pleadings alone.

> "The Court inquires whether the complaint at issue contains 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks and citation omitted); *Cafasso [United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047 (9th Cir. 2011)], 637 F.3d at 1054 n. 4 (finding *Iqbal* applies to Rule 12(c) motions because Rule 12(b)(6) and Rule 12(c) motions are functionally equivalent). The Court may find a claim plausible when a plaintiff pleads sufficient facts to allow the Court to draw a reasonable inference of misconduct, but the Court is not required 'to accept as true a legal conclusion couched as a factual allegation.' *Iqbal*, 556 U.S. at 678."

As further explained in *HSBC Bank USA v. Dara Petroleum, Inc.,* 2010 US District Lexis 61633, at ** 6-7 (ED Cal 2010), the differences between Rule 12(b)(6) and Rule 12(c) motions are largely based on their timing and the slightly broader scope of materials that may be properly considered in deciding a Rule 12(c) motion:

> "A Rule 12(c) motion is therefore essentially equivalent to a Rule 12(b)(6) motion to dismiss and consequently, a district court may 'dispos[e] of the motion by dismissal rather than judgment.' [2] *Sprint Telephony PCS, L.P. v. County of San Diego, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004)*. '[D]ismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' (citations omitted)
>
>> "2   The motions differ in only two respects:
>>
>>> (1) the timing (a motion for judgment on the pleadings is usually brought after an answer has been filed, whereas a motion to dismiss is typically brought before an answer is filed) . . . and (2) the party bringing the motion (a motion to dismiss may be brought only by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment

on the pleadings may be brought by any party). *Sprint Telephony PCS, L.P. v. County of San Diego,* 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004)."

As further held in *Larson v. Providence Health Plan,* 2009 US Dist Lexis 19038 (D Or 2009) (in Case No. 08-929-JO), further similarity exists between the two types of motions in that: "Documents attached to the complaint and incorporated by reference are treated as part of the complaint, not as extrinsic evidence, and may properly be considered on a Rule 12(c) motion." Similarly, "When considering a motion for judgment on the pleadings, [courts] may consider facts that 'are contained in materials of which the court may take judicial notice.'" *Heliotrope, supra,* at 981, *quoting, Barron v. Reich,* 13 F3d 1370, 1377 (9th Cir 1994). Those materials also include answers and attachments or exhibits to complaints. *Yang v. Dar Al-Handash Consultants,* 250 Fed Appx 771, 772 (9th Cir 2007); *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F3d 971, 981 n 18 (9th Cir 1999).

**3.  The Individual Liability Issue in This Case May Properly be Decided on the Pleadings, as a Matter of Law.**

In a 2014 Opinion and Order, District Judge Hernandez expressly held that the absence of individual liability, in a claim brought under Title VI, was an issue that may be suitable for resolution as a matter of law, based solely on the pleadings. In that case, *Naharaja v. Wray, et al,* No. 3:13-cv-01261-HZ (D Or 2014), the *pro se* plaintiff's original complaint attempted to allege a variety of

racial discrimination claims against 18 individual employees of OHSU, following the termination of plaintiff's participation in OHSU's medical residency program. Included among the plaintiff's legal theories was a claim under §2000d/Title VI, based on OHSU's alleged status as a recipient of federal financial assistance. The defendants then moved to dismiss that claim and others for failure to state a claim, and in an Opinion and Order issued on August 6, 2014, Judge Hernandez granted the motion as to the Title VI claim as follows:

> "Defendants move to dismiss the Title VI claims because the individual defendants are not 'recipients' of federal funds. * * * Title VI of the Civil Rights Act ('Act') prohibits racial discrimination in any program or activity receiving federal funds. 42 U.S.C. § 2000d (2014). Accordingly, Title VI actions must be brought against an entity, not an individual. (citations omitted) Dr. Naharaja responds that all of the individual defendants in some form are 'recipients' of federal funds, with OHSU being the 'primary recipient. * * * Essentially, his argument is that OHSU receives federal funds, which are then funneled to the eighteen named individuals through paychecks and other employment compensation. He does not, however, cite any legal authority for the proposition that employees are a 'recipient' of federal funds if a portion of their pay comes from federal dollars, and the plain language of the statute refers to programs and activities, not individuals."
>
> "Defendants' motion to dismiss the Title VI claim is granted, with leave to amend. Should Dr. Naharaja file an amended complaint, he must bring suit against the proper entity." (*Id.* at pp 4-5)

As shown by the following sections of this motion, the grounds cited by Judge Hernandez for dismissing the individual Title VI liability claims in *Naharaja*, are the same grounds previously advanced by all of the George Fox defendants as

an alternative ground for dismissing the individual liability component of plaintiff's First Claim against them.

**4.     The George Fox Defendants' Previously Asserted the Central Legal Argument Giving Rise to the Current Motion.**

As the court may recall, the legal argument framed above was mentioned in passing in the George Fox defendants' Rule 12 motions (Docket No. 52) at page 8 footnote 2. It was then discussed in more detail at pages 8 and 9 of the George Fox Defendants' Reply Memorandum in Support of Rule 12 Motions (Docket No. 94), alternatively arguing for the dismissal of Defendants as to Claim One, the racially hostile educational environment claim, in the event that claim was allowed to proceed as to Defendants' employer, George Fox University.

While the court's Findings and Recommendation (Docket No. 128) understandably declined to reach that issue given the recommended dismissal of Claim One as to <u>all</u> of the George Fox defendants, both that claim and Claim Four are based upon the same statute, §2000d[2]. The only difference between them from a legal perspective is that Claim One advanced a racially hostile environment theory, while Claim Four advances a seemingly straightforward

---

[2] As also discussed in the George Fox defendants' prior Reply Memorandum, at pages 9-12, and in contrast to statutes addressing discrimination in public education and employment, Oregon has not created, whether by statute or case law, a separate right of action under which a current or former student may sue for damages based on alleged discrimination in private education.

claim of racially disparate treatment in the operation of George Fox's intercollegiate football program.

Claim Four specifically attempts to allege a separate and distinct form of discrimination through George Fox's alleged refusal to refer African-American football players to outside medical providers, while freely making such referrals for white players. And, while Claim Four also mentions the alleged harassment or "cyberbullying" by defendant Fix-Gonzalez, it seems reasonably clear the statement is really nothing more than a misplaced reference to Claim One, and has no real connection to the disparate treatment theory.

For all of those reasons, Defendants contend that the arguments in the George Fox Defendants' Reply Memorandum on the individual liability issue apply with equal force to Claim Four. For ease of reference, Defendants will therefore quote below those prior arguments as a further introduction to this Motion for Judgment on the Pleadings:

> "* * * the only federal statutes expressly prohibiting racial discrimination or harassment [in private education] are limited in their application to <u>institutional</u> recipients of direct federal funding. The Supreme Court first confirmed that limitation when addressing the scope of civil lawsuits alleging sexual discrimination in employment under parallel federal statutes, as follows: 'Title IX reaches institutions and programs that receive federal funds * * * but it has consistently been interpreted as <u>not authorizing</u> suit against school officials, teachers, and other individuals * * *.' *Fitzgerald v. Barnstable School Committee,* 555 US 246, 257, 129 S Ct 788, 172 L Ed 2d 582 (2009) (emphasis added). In *Monteiro v. The Tempe Union High School Dist.,* 158 F3d 1022, 1033 (9th Cir 1998), the

> Ninth Circuit similarly noted that while 42 USC § 2000d prohibited racial discrimination in the form of harassment or a 'hostile environment,' that section and other Title IV sections only 'proscribed racial discrimination in programs receiving federal monies.'"
>
> "In the present case, plaintiff does not allege any legally recognized grounds for seeking to impose liability upon any of the individual George Fox defendants on one or more of his racial discrimination in education claim.  And,  because George Fox defendants contend that plaintiff cannot allege such a factual predicate in good faith, the claim should alternatively be dismissed with prejudice and without leave to amend as to each of the individual defendants * * * even if such claims are  allowed to proceed as against George Fox itself." (George Fox Defendants' Reply Memo. in Supp. Rule 12 Motions, (Docket No. 94), pp. 8-9)(emphasis in original)

Those prior arguments by all of the George Fox defendants, as well as the conclusion reached by Judge Hernandez in *Naharaja v. Wray, supra,* are also consistent with well-established federal case law in other statutory contexts.  For example, in *Emerson v. Thiel College,* 296 F3d 184 (3rd Cir 2002), the court recognized the existence of a similar statutory framework when addressing a claim based on an alleged failure to accommodate a disability, brought under the Rehabilitation Act.  The Third Circuit noted that the applicable statutes only prohibited discrimination in a "program or activity" operated by "federal financial assistance recipients," and therefore did apply to the defendant college, at which the plaintiff was formerly a student.  However, the court also held that:

> "Because the individual defendants do not receive federal aid, Emerson does not state a claim against them under the

Rehabilitation Act. This result is consistent with decisions finding no individual liability under Title IX * * * which prohibits discrimination on the basis of sex by an education program or activity receiving federal funding." 296 F3d at 190.

This court may also properly follow well-established Ninth Circuit case law in the closely-related field of disability discrimination claims under Title VII and the ADA, in which individual employees, officers, and other representatives of a defendant employer are <u>not</u> subject to liability. *See, Miller v. Maxwell's International, Inc.,* 991 F2d 583 (9th Cir 1993), *cert den,* 510 US 1109, *reh'g den,* 511 US 1048 (1994); *Walsh v. Nevada Dept. of Human Resources,* 471 F3d 1033, 1037-38 (9th Cir 2006).

And, now that the court has recommended the dismissal of all of plaintiff's claims against the George Fox defendants <u>other</u> than Claim Four, and if those recommendations are approved and adopted by Judge Hernandez, the first remaining question as to Defendants will be whether Claim Four states a legally viable individual liability theory based on racially disparate treatment. Because the plain answer to that question is "no" under the preceding authorities, the next question is whether that determination can now properly be made under Rule 12(c), rather than Rule 12(b)(6). As explained below, the answer to that question is "yes."

And, based on those two answers, there is no reason why Defendants should remain as parties to this case any longer, as both the targets and victims

of plaintiff's legally unfounded attempts to hold them personally liable for tens of millions of dollars. Basic concepts of justice and fairness, along with the substantive law and the Rules of Civil Procedure, strongly weigh in favor of the dismissal of Defendants from this case, sooner rather than later.

**5.     Application of Rule 12(c) Standards to the Individual Liability Components of Plaintiff's Claim Four.**

   A.   <u>The "Pleadings" Properly Subject to Consideration in Connection with Defendants' Motion.</u>

As was the case with regard to the George Fox defendants' prior Rule 12 motions, and based on the additional authorities set out in Section 2, above, Defendants again contend that the court may properly consider not only plaintiff's initial complaint but, where also relevant to the analysis, may also consider the narrative allegations contained in the attachments to the complaint and the content of orders previously entered by this court. If there is any potential ambiguity or uncertainty about the factual "allegations" ostensibly supporting Claim Four, those questions can be resolved by reviewing the voluminous attachments to plaintiff's complaint, and anything else properly in the court record. And, for the purposes of the present motion, those pleadings again reveal as follows the two separate incidents of racial discrimination alleged by plaintiff.

The first incident chronologically is the left thumb injury alleged to have occurred on August 20, 2015, during a George Fox football practice. Plaintiff specifically claims that on the same date, he first requested and was denied permission to be released from practice in order to obtain a second opinion from an outside medical provider. He then apparently alleges that similar requests were made and denied on multiple occasions over the next 12 days, until he finally quit the team and sought treatment at Providence Newberg on September 2, 2015. It is therefore reasonably clear that those same alleged "refusals" form the factual predicate of Claim Four, where plaintiff suggests he was denied permission to seek outside treatment solely due to his race, and thereby giving rise to a disparate treatment/intentional discrimination claim.

As so described, that claim is factually distinct from Claim One, which asserted what amounted to a "racially hostile educational environment" claim (as it has been characterized by the George Fox defendants), based solely on the alleged racial harassment by defendant Dominick Fix-Gonzalez and the George Fox defendants' allegedly inadequate response to that incident. Legally, however, those factually-distinct claims allege only different types of discrimination under the same broad, general legal framework, specifically Title VI and 42 USC §2000d.

### B. The Individual Liability Question in this Case, as it Relates to Claim Four, is a Proper Subject of a Rule 12(c) Motion.

Based on all of the preceding authorities, Defendants again contend that the question of whether they could properly be sued individually under Claim Four is a pure question of law, suitable for resolution on this motion for judgment on the pleadings. Similar questions concerning individual defendants' alleged liability, on claims arising from a school district's failure to accommodate a student's learning disabilities, were resolved on Rule 12(b)(6) motions in *Oman v. Portland Public Schools,* 406 F Supp 2d 1157, 1172 (D Or 2005).

And, in *Valder v. City of Grand Forks,* 217 FRD 491, 494-95, (D ND 2003), claims seeking to impose liability on the individual employee defendants allegedly responsible for a failure to accommodate the disabled plaintiff's service dog were dismissed on a motion for judgment on the pleadings brought pursuant to Rule 12(c). In addition to claims brought under other anti-discrimination statutes, the plaintiff included claims against certain individual defendants under 42 USC §2000d, and the District Court rejected them on the pleadings as follows:

> "This claim is similar to Valder's claim under Section 504 of the Rehabilitation Act of 1973, in that the proper defendant in such an action is 'a program or activity receiving Federal financial assistance.' * * * numerous district courts throughout the country have held that an individual that does not receive federal funding is not a proper defendant under Title VI. See *Powers v. CSX Transp., Inc.,* 105 F. Supp. 2d 1295, 1311 (S.D. Ala. 2000) (collecting cases). Again, Valder has not alleged that Judge Kleven in her individual capacity is the recipient of Federal financial assistance. * * *

Accordingly, the Court finds that Valder may not pursue a claim against Judge Kleven in her individual capacity under Title VI of the Civil Rights Act of 1964." 271 FRD at 495.

Under those authorities, plaintiff is not entitled to continue his pursuit of Claim Four against Defendants individually, and that determination can properly be made at this time as a matter of law on applicable pleadings and record in this matter.

**6.   Conclusion.**

Individual defendants Gregg Boughton, Chris Casey, John Bates, Ian Sanders, Gabe Haberly, Craig Taylor, Dave Johnstone, Mark Pothoff and Sarah Taylor should be granted a judgment in their favor, dismissing plaintiff's Claim Four as to those defendants with prejudice.  The claim should be allowed to proceed solely against the only proper defendant, George Fox University itself, which will separately address the factual merits of that claim in its forthcoming motion for summary judgment.

**DATED** this 2nd day of March, 2018.

                                      **THE RICKLES LAW FIRM, PC**

                                      By:   */s/ Martin W. Jaqua*
                                              Stephen P. Rickles, OSB #793613
                                              steve@rickles-law.com
                                              Martin W. Jaqua, OSB #860528
                                              mjaqua@rickles-law.com
                                              Attorneys for the George Fox Defendants

# **CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing INDIVIDUAL GEORGE FOX DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS on the following parties on the 2nd day of March, 2018, by:

☑ Mail – placed in a sealed envelope with postage prepaid, deposited in the U.S. Mail at Portland, Oregon
☑ Electronic service pursuant to LR 5-1
☐ Hand delivery
☐ Facsimile transmission
☐ Overnight delivery

I further certify that said copy was served as indicated above and addressed to said attorneys at the addresses listed below:

***VIA MAIL TO:***
Samuel Wani
PO Box 7548
Covington, WA  98042
   Email: samuelwani@eagles.ewu.edu
*Plaintiff pro se*

Michael J. Wiswall
Hart Wagner, LLP
1000 SW Broadway, Suite 2000
Portland, OR  97205
   Fax: 503.222.2301
   Email: mjw@hartwagner.com
*Of Attorneys for Defendant Thomas Croy, MD*

Sheri C. Browning
Brisbee & Stockton, LLC
139 NE Lincoln Street
PO Box 567
Hillsboro, OR  97123
   Fax: 503.648.1091
   Email: scb@brisbeeandstockton.com
*Of Attorneys for Defendant Providence Medical Group*

Troy G. Sexton
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 300
Portland, OR  97204
   Fax: 503.417.0527
   Email: tsexton@portlaw.com
*Attorney for Defendant Dominic Fix-Gonzalez*

By:   */s/ Martin W. Jaqua*
Stephen P. Rickles,  OSB #793613
steve@rickles-law.com
Martin W. Jaqua, OSB #860528
mjaqua@rickles-law.com
Attorneys for the George Fox Defendants