IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SAMUEL W. WANI, | No. 3:17-cv-01011-YY |
| Plaintiff, | |
| v. | |
| GEORGE FOX UNIVERSITY, et al., | ORDER |
| Defendants. | |

HERNANDEZ, District Judge:

    Magistrate Judge You issued a Findings & Recommendation (#128) on February 22, 2018, in which she recommends the Court grant the George Fox University Defendants' Rule 12 Motions. Plaintiff has timely filed objections to the Findings & Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the

1 - ORDER

Magistrate Judge's report.[1]  28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Plaintiff's objections and conclude there is no basis to modify the Findings & Recommendation.  I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

Judge You made an express recommendation that the Fifth Claim against the George Fox Defendants should be dismissed with prejudice.  Although she did not expressly state that the First, Second, Third, and Sixth Claims should be dismissed without prejudice, that is how I construe the Findings & Recommendation.  Although the First Claim is dismissed without prejudice, I note that should Plaintiff choose to re-assert this claim in an amended pleading and should he rely on only the same facts in support of that claim as he has already alleged, the claim will be dismissed again.

As to the Second and Third Claims, I understand Plaintiff to allege that Defendant Broughton's refusal to allow Plaintiff to leave practice and promptly seek medical treatment is the basis for the Third Claim.  In any amended pleading, and as Judge You explained, Plaintiff must include additional allegations of how the alleged conduct exacerbated his injury and caused additional harm.  In regard to the Second Claim, the allegations, which Judge You noted suggested some sort of "deliberate indifference" claim, appear to raise an intentional conduct as opposed to negligence claim.  The basis for the claim as pleaded is unclear.  It is possible Plaintiff intended it as a claim for intentional infliction of emotional distress.  *See* Compl. ¶ III2

---

[1] The George Fox Defendants argue that various deficiencies in Plaintiff's filing amount to a failure to sufficiently object and thus, *de novo* review is not required.  I do not address the argument because even under a *de novo* standard, I adopt the Findings & Recommendation.

(describing the claim as one for "[d]iscrimination, medical false claim, fraud, negligence, and intentional infliction of physical/emotional pain and suffering"). Any re-assertion of this claim must make clear exactly which Defendants engaged in what conduct, for what purpose, and what harm was caused as a result.

Finally, as to the Sixth Claim, Plaintiff attaches a copy of an insurance policy in support of his objections to the recommended dismissal of this claim. Because the motions at issue are based on the allegations in the Complaint, and the Complaint, as Judge You explained, fails to state a breach of contract claim, I do not consider the policy. If Plaintiff wishes to re-assert the contract claim, and if he believes this is the contract at issue, he can cite to it in an amended pleading.

## CONCLUSION

The Court ADOPTS Magistrate Judge You's Findings & Recommendation [128], and therefore, the George Fox University Defendants' Rule 12 Motions [58] are granted. Plaintiff's First, Second, Third, and Sixth Claims are dismissed without prejudice. Plaintiff's Fifth Claim is dismissed with prejudice. Plaintiff's references to the following statutes are stricken from the Complaint: 18 U.S.C. § 1347; 20 U.S.C. § 1703; 31 U.S.C. § 3729; 41 U.S.C. § 6503; 42 U.S.C. § 1320d-6(a); 42 U.S.C. § 1983; 42 U.S.C. § 2000a, and Title IX.

IT IS SO ORDERED.

DATED this 5 day of April, 2018.

MARCO A. HERNANDEZ
United States District Judge

3 - ORDER