IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL WANI,                                          No. 3:17-cv-01011-YY

        Plaintiff,

    v.

GEORGE FOX UNIVERSITY; PROVIDENCE             OPINION & ORDER
MEDICAL GROUP; DR. THOMAS CROY, M.D.;
DOMINIC FIX-GONZALEZ; GREGG BOUGHTON;
CHRIS CASEY; JOHN BATES; IAN SANDERS;
GABE HABERLY; CRAIG TAYLOR; DAVE
JOHNSTONE; MARK POTHOFF, and SARAH
TAYLOR,

        Defendants.

HERNANDEZ, District Judge:

    Magistrate Judge You issued a Findings and Recommendation (#198) on August 8, 2018,

in which she recommends that this Court deny Plaintiff's motions for summary judgment, for

leave to amend, and for sanctions; and that this Court grant Defendants' motions for judgment on

the pleadings and summary judgment. The matter is now before me pursuant to 28 U.S.C. §

636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings &

1 - OPINION & ORDER

Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered Plaintiff's objections and other than as discussed more fully below, I conclude there is no basis to modify the Findings & Recommendation.  I have also reviewed the pertinent portions of the record *de novo* and find no other errors in the Magistrate Judge's Findings & Recommendation.

The procedural history of the case is a bit complicated because both Plaintiff and certain Defendants filed motions before the resolution of an earlier motion to dismiss and before the viability of any amended claims was adjudicated.  Plaintiff filed the case on June 29, 2017 and initially brought six claims for relief against a variety of Defendants.  ECF 1.  After some Defendants had answered and other Defendants had filed Rule 12 motions, and after Plaintiff voluntarily dismissed another Defendant, Plaintiff filed a summary judgment motion.  In a February 22, 2018 Findings & Recommendation, Judge You recommended granting the Rule 12 motions brought by the "GFU Defendants."[1]  Those motions challenged five of the six claims, omitting any challenge to a race discrimination claim set forth as the fourth claim for relief in the original Complaint.  Judge You recommended dismissal of the other five claims, with leave to amend four of the five. She recommended dismissal of the fifth claim for relief, which alleged a HIPPA violation, with prejudice.  The day after the February 22, 2018 Findings & Recommendation was filed, Judge You stayed Plaintiff's motion for summary judgment pending

---

[1]  Collectively, these Defendants are George Fox University (GFU) and the following individual Defendants employed by GFU: Gregg Boughton, Chris Casey, John Bates, Ian Sanders, Gabe Haberly, Craig Taylor, Dave Johnstone, Mark Pothoff, and Sarah Taylor.

completion of discovery.  ECF 132.

After the February 22, 2018 Findings & Recommendation was filed, but before I issued my Order adopting that Findings & Recommendation on April 5, 2018, the Individual GFU Defendants filed a motion for judgment on the pleadings on the race discrimination claim which the GFU Defendants had not challenged in the prior Rule 12 motions.  On April 5, 2018, I adopted the February 22, 2018 Findings & Recommendation and thus, as of that date, Plaintiff's fifth claim for relief alleging a HIPPA violation was out of the case.  ECF 146.[1]  But, the other claims (a claim of "cyberbullying," more than one negligence claim, and a breach of contract claim), were dismissed without prejudice and thus, Plaintiff was able to amend them.  The April 5, 2018 Order provided additional clarification regarding the two negligence claims and the breach of contract claim.

Before Plaintiff filed an amended pleading, or a motion to amend, however, Defendants filed several motions: (1) Croy moved for summary judgment; (2) Fix-Gonzalez moved for judgment on the pleadings; and (3) the GFU Defendants moved for summary judgment on the race discrimination claim.[2]  Approximately six weeks after the April 5, 2018 Order was filed, Plaintiff filed a motion for leave to file an amended complaint.  Thus, because of the timing of the motions, Judge You was forced to consider a motion for judgment on the pleadings and summary judgment motions before Plaintiff's motion to amend was resolved.  Nonetheless, given

---

[1]  That Order also adopted Judge You's recommendation that a number of Plaintiff's references to a variety of statutes be stricken.

[2]  This motion was filed by GFU as well as the Individual GFU Defendants despite the fact that the Individual GFU Defendants' motion for judgment on the pleadings directed at this claim was still pending.

3 - OPINION & ORDER

that context, the Findings & Recommendation sets forth a logical analysis of addressing Plaintiffs' motion for leave to amend before considering the remaining motions.

I agree with Judge You's recommendations that Plaintiff's motion for summary judgment and motion for sanctions should be denied. I find no error in the portions of the Findings & Recommendation addressing these motions and I do not discuss them further. I also agree with Judge You's recommendations that Defendant Fix-Gonzalez's motion for judgment on the pleadings, the Individual GFU Defendants' motion for judgment on the pleadings which is directed to the fourth claim alleging race discrimination, Dr. Croy's motion for summary judgment, and the GFU Defendants' motion for summary judgment which is directed to the fourth claim alleging race discrimination, be granted. I find no error in the portions of the Findings & Recommendation addressing these motions and I do not discuss them further.

However, I disagree with some of Judge You's recommendations regarding Plaintiff's motion for leave to amend. Initially, while I agree with Judge You that Plaintiff's proposed pleading failed to conform to Federal Rules of Civil Procedure 8 and 10, I would not deny the motion to amend on that basis alone. I also would not deny it because Plaintiff failed to confer. And, I disagree that Plaintiff 's filing his motion to amend six weeks after the April 5, 2018 Order constitutes unjustified delay given that the April 5, 2018 Order failed to specify a date by which an amended pleading or motion to amend had to be filed. Judge You, however, despite her initial determinations on these issues, appears to have denied Plaintiff's motion for leave to amend primarily because she found the proposed claims to be futile. I agree with her reasoning as to the futility of the intentional/negligent infliction of emotional distress (IIED/NIED) claim against Fix-Gonzalez and the Individual GFU Defendants named in this claim. F&R 17-19. I also agree

with her reasoning as to the futility of the fraud claim against Croy and the Individual GFU

Defendants named in that claim.  *Id.* at 20-21.  And, I agree with her reasoning as to the futility

of the breach of contract claim against the three Defendants named in that claim.  *Id.* at 19-20.  I

do not discuss these claims further.

I agree with her recommendation that the IIED/NIED and fraud claims are also futile as to

GFU, but for different reasons.  Judge You recommended denying the motion for leave to amend

the IIED/NIED claim and the fraud claim as to GFU because without liability as to the Individual

GFU Defendants, Plaintiff cannot sustain a claim against GFU based on GFU's vicarious

liability.  *Id.* at 17-19, 20-21.  Judge You is correct.  However, Plaintiff also alleges an

independent negligent hiring, retention, supervision, and/or training claim as to GFU.  Prop. Am.

Compl. 10, 17, ECF 168-1.  Negligent hiring, etc. type claims are claims of direct liability,

distinguishable from those based on a theory of vicarious liability and must be separately

analyzed.  *See*, *e.g.*, *Doe ex rel. Christina H. v. Medford Sch. Dist. 549C*, No. 10-3113-CL, 2011

WL 1002166, at *8 (D. Or. Feb. 22, 2011) (describing the plaintiffs' claim seeking to impose

liability on the defendant for negligently supervising an employee as a claim of direct liability for

negligent supervision, not vicarious liability), *adopted by J. Panner*, 2011 WL 976463 (D. Or.

Mar. 18, 2011).

Here, as to the IIED/NIED and fraud claims, the separate analysis leads to the same

result: any claim as to GFU based on a negligent hiring, etc. theory is futile.  This kind of claim

has the same elements as negligence claim.  *Dodd v. AA & S Corp.*, No.  3:17-cv-00246-AC,

2017 WL 4020426, at *3 (D. Or. Aug. 25, 2015), *adopted by J. Brown*, 2017 WL 4012957 (D.

Or. Sept. 12, 2017).  Thus, to prevail on such a claim, the plaintiff must allege and ultimately

show, a duty owed to the plaintiff, a breach of that duty, and that the "breach was the direct cause of the plaintiff's harm." *Id.* Additionally, these types of claims require foreseeability, just like any negligence claim, and thus, a plaintiff asserting a negligent hiring-type claim must allege and eventually prove that the defendant had reason to know of the underlying alleged negligent practices. *Millbrooke v. City of Canby*, No. 3:12-cv-00168-AC, 2013 WL 6504680, at *7 (D. Or. Dec. 11, 2013) ("In order to establish a negligent supervision claim under Oregon law, Millbrooke must demonstrate that the City had reason to know of Officer Murphy's alleged unlawful propensities."), *adopted by J. Simon*, 2014 WL 287859 (D. Or. Jan. 24, 2014). Here, because the underlying IIED/NIED and fraud claims are futile, Plaintiff cannot, as a matter of law, establish causation as to GFU on the negligent hiring, supervision, etc. claim. Additionally, Plaintiff fails to allege that GFU had reason to know of the alleged negligent supervision, etc. by the Individual GFU Defendants. Thus, with this additional clarification, I adopt the Findings & Recommendation's conclusion that the IIED/NIED and fraud claims in Plaintiff's Proposed Amended Complaint are futile as to all Defendants named in those claims.

That leaves the "personal injury" claim. As I understand the claim as presented in the Proposed Amended Complaint, it is a single claim brought against four Defendants: Boughton, Casey, Croy, and GFU. Prop. Am. Compl. 1-7. I agree with Judge You that the claim as alleged against Croy is futile. F&R 16. Judge You accurately summarizes the claim as alleged against Boughton, Casey, and GFU:

> Wani realleges that Boughton caused further injury to his thumb by refusing to allow him to leave practice to seek medical attention, and repeatedly disregarding his assertions that he had a broken thumb or torn ligament. Wani alleges that Casey contributed to the worsening of his injury by issuing an edict that players not leave football practice, thereby leaving him at Boughton's mercy. Wani seeks

to hold GFU liable for negligent hiring, retention, supervision, and training of
Casey and Boughton.

*Id.* at 15 (citations omitted). Judge You then analyzed the claim as to Boughton and Casey

together, and determined that the "central allegation" contending that Boughton's and Casey's

"misdiagnosis" resulted in subsequent injury to the plaintiff, was missing from the proposed

amended claim. *Id.* at 15-16. She explained that under Oregon law, expert testimony is required

to establish the standard of care. *Id.* at 16. Plaintiff, she wrote, "has not identified, much less

provided any evidence from, any such expert." *Id.* Thus, she reasoned, "[t]his court should not

allow a redo of the same pleading unsupported by expert testimony." *Id.*

Because this a motion for leave to amend, determining that the claim is futile because of a

lack of expert testimony is error. The analysis examines whether the allegations sufficiently state

a claim. It does not require proof of the claim at this stage. Plaintiff expressly alleges that

because Boughton was the head athletic trainer for GFU, "it was his job to treat me adequately

and he breached that duty of care." Prop. Am. Comp. 3. He also alleges that Boughton's initial

negligence in the "treatment/lack of treatment/misdiagnosis and inadequate treatment" of his

injured thumb, from August 20, 2015 to August 27, 2015 and on September 1, 2015, "directly

contributed to the rupture of my [u]lnar [c]ollateral [l]igament of my left thumb." *Id.* He further

alleges that had "Boughton sent me to the doctor the very first time when I came to see him on

[August 20, 2015 - August 27, 2015], and sent me to the doctor, for [evaluation] of my injury and

appropriate treatment, instead of refusing to send me to the doctor, f[u]rther injury and damage to

my left thumb would have been minimized, prevented or eliminated altogether." *Id.*; *see also id.*

at 4 ("Had Gregg Boughton treated me adequately, with a functional cast . . . instead of treating

me with ice and tape . . ., f[u]rther injury to my thumb would've been avoided."; "Boughton's

negligent treatment of my left thumb injury . . . directly contributed to f[u]rther injury of my left

thumb (ruptured [u]lna [c]ollateral [l]igament of left thumb).").  At least as to Boughton,

Plaintiff's allegations contend that Boughton had a duty of care to Plaintiff in his role as athletic

trainer, that Boughton breached that duty of care, and that Boughton's initial misdiagnosis and

treatment caused Plaintiff additional harm in the form of a later ruptured ligament.  This states a

claim as to Boughton.

As to Casey, the claim is less clear.  It does not appear that Plaintiff alleges that Casey

actually misdiagnosed or mistreated his injury.  Instead, as best I can tell, the allegations against

Casey are based on Casey's conduct in preventing players from leaving practice, in requiring

Casey's permission before seeing a doctor, and in delegating discretion to Boughton as to who

could see a doctor.  If this claim is not a misdiagnosis or mistreatment claim, then Judge You's

analysis about the lack of a central allegation regarding subsequent harm or injury is misplaced.

But, the claim is unclear.  And, it fails to allege what duty of care is owed by a university football

coach to his or her players, that Casey breached that duty, and how Casey breached that duty.

Given the lack of clarity in the proposed claim, I agree with Judge You that it fails to state a

claim.  But, I cannot conclude that further amendment would be futile.

Finally, the analysis of the personal injury claim as to GFU is erroneous because Plaintiff

premises GFU's liability on both a vicarious liability theory and an independent direct liability

theory of negligent hiring, supervision, retention, and/or training.  Because I disagree with the

recommended conclusions regarding the futility of the proposed personal injury claims against

Boughton and Casey, I do not adopt the conclusion that the claim against GFU is futile.

In summary, the Findings & Recommendation erroneously determined that the proposed personal injury claim against Boughton failed to state a claim as pleaded in the Proposed Amended Complaint.  While the Findings & Recommendation properly determined that the proposed personal injury claim against Casey failed to state a claim, it erroneously determined that any further amendment would be futile.  And, the Findings & Recommendation erroneously determined that the personal injury claim as to GFU was futile because first, it is premature to assess any vicarious liability given that the underlying personal injury claim, at least as to Boughton, and possibly as to Casey, is viable, and second, the Findings & Recommendation failed to recognize the separate liability theory based on a negligent supervision type claim.[3]

As a result of Judge You's Findings & Recommendation and the rulings in this Opinion & Order, the only claims and Defendants remaining in this case, either presently or capable of amendment, are: (1) the proposed personal injury claim against Boughton; (2) a personal injury claim against Casey; (3) the proposed vicarious liability claim against GFU based on the personal injury claim against Boughton, and possibly against Casey; and (4) the proposed negligent hiring, retention, supervision, and training claim against GFU based on the personal injury claim facts.

CONCLUSION

The Court ADOPTS IN PART Magistrate Judge You's Findings & Recommendation [198].  Accordingly,

(1) Plaintiff's motion for summary judgment [75] is denied;

---

[3]  However, as explained in regard to this issue in the context of the IIED/NIED and fraud claims, should the personal injury claims against the individuals fail, the direct liability negligent supervision type claim against GFU cannot survive because, as a matter of law, there would be no causation.

(2) Plaintiff's motion for sanctions [179] is denied;

(3) the Individual GFU Defendants' motion for judgment on the pleadings directed to the original Complaint's fourth claim for relief for race discrimination [138] is granted;

(4) Fix-Gonzalez's motion for judgment on the pleadings [148] is granted;

(5) Croy's motion for summary judgment [149] is granted;

(6) the GFU Defendants' motion for summary judgment directed to the original Complaint's fourth claim for relief for race discrimination [153] is granted; and

(7) Plaintiff's motion for leave to amend [168] is granted in part and denied in part as follows:

(a) the motion is denied as to the IIED/NIED, fraud, and breach of contract claims as to all Defendants; these claims may not be re-plead;

(b) the motion is granted as to the personal injury claim as to Boughton;

(c) the motion is granted as to the personal injury claims (vicarious liability and negligent hiring, retention, supervision, and training theories) against GFU; and

(d) the motion is denied as to the personal injury claim as to Casey. However, while this claim presently fails to state a claim, it may be capable of amendment.

Plaintiff is ordered to file a second amended complaint limited to (1) a personal injury claim against Boughton (unchanged from the one presented in the Proposed Amended Complaint), (2) a personal injury claim against Casey, and (3) a personal injury claim against GFU (unchanged from the claim presented in the Proposed Amended Complaint). This second amended complaint is due no later than two weeks from the date of this Opinion & Order. Plaintiff is advised that failure to comply with Federal Rules of Procedure 8 and 10 may warrant

dismissal of the pleading.

Defendants GFU, Boughton, and Casey are ordered to file an answer to the second amended complaint within two weeks of Plaintiff filing the second amended complaint. Then, Defendants GFU, Boughton, and Casey are ordered to file a summary judgment motion directed to the personal injury claims within four weeks of Plaintiff filing the second amended complaint. Plaintiff shall have three weeks to respond to the motion. Defendants shall have two weeks to reply.

No further briefing or motions of any kind shall be filed until the anticipated summary judgment motion is finally resolved by the district court judge.

IT IS SO ORDERED.

DATED this _____ day of _____, 2018.


MARCO A. HERNANDEZ
United States District Judge