FILED 3 DEC '18 10:33USDC-ORP

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SAMUEL WANI,

    Plaintiff,

v.

GEORGE FOX UNIVERSITY; PROVIDENCE
MEDICAL GROUP; DR. THOMAS CROY, M.D.;
DOMINIC FIX-GONZALEZ; GREGG BOUGHTON;
CHRIS CASEY; JOHN BATES; IAN SANDERS;
GABE HABERLY; CRAIG TAYLOR; DAVE
JOHNSTONE; MARK POTHOFF, and SARAH
TAYLOR,

    Defendants.

No. 3:17-cv-01011-YY

2nd Amended complaint

**Plaintiff Samuel Wani's 2nd Amended Compliant Case No. 3:17-CV-01011-YY, Wani Vs George Fox University and etl.**

**Amended Claim#1) Personal Injury (ruptured Ulnar Collateral Ligament of left thumb)**

**Factual Background of claim#1:** I (plaintiff Samuel Wani) was enrolled at George Fox University, as a transfer student from Eastern Washington University; at the time my personal injury occurred, following a long communication through emails, with Gorge Fox University head coach CHRIS CASEY, recruiting staff, admissions staff and (NCAA) Compliance staff. I enrolled at George Fox university as a junior in the Exercise Science Major and as a sophomore in my Psychology Major for the 2015-2016 school year. The biggest reason I came to George Fox University was to pursue a higher education and play football for the university with the hopes of getting some tape and get seen by scouts so that I could pursue an NFL career. In preparation for football, following our individual off-season workouts, we were mandated to be at the university on August 15th, 16 days before school officially started, to start fall camp and get ready for the 2015-2016 football season. I moved to Newberg four days before camp, to get accumulated to the community and the weather.

On august 15, 2015 all the college football players, reported to camp and we were assigned dorms on campus and immediately coach supervised football related activities started. During football camp, from August 15, to the time of my withdrawal from George Fox University and quitting the football team first on august 27th, 2015 before briefly returning on Sept. 1st 2015, a

lot of my former teammates left practice or dismissed themselves from practice due to illness, injury or other foreseen reasons. I was among one of the players who dismissed myself from practice (due to a life-threatening sickle cell related crisis). When I showed up to practice without my gear three hours after practice has started, head coach Chris Casey (Gorge Fox University employee at the time of my injury) Proceeded to chew me out (got talked to and yelled at privately away from the team) for missing practice. After I got chewed out by head coach Chris Casey, he sent me to the treatment room to see head athletic trainer, Gregg Boughton (Gorge Fox University employee at the time of my injury) for evaluation and treatment, Gregg Boughton evaluated my legs, that's where most of the pain came from and Gregg Boughton told me that there is nothing wrong with my legs and that I was trying to skip practice and that if it were up to him he would have me out there practicing. I told Gregg Boughton, he didn't know what he was talking about and that he should look up symptoms of sickle cell crisis and it's affects, because a lot of football athletes die yearly from improper treatment and evaluation, this was a very unpleasant exchange of words between me and Gregg Boughton. That conversation between me and Gregg Boughton got transmitted to head coach Chris Casey by Gregg Boughton and at the end of our morning practice that day before launch Chris Casey gave a talk to all the players, and gave orders that no one was to leave practice, without his " Coach Chris Casey's approval or head athletic trainers approval, because a lot of us, "the players didn't know the difference between a booboo and an injury, and we were just skipping practice and trying to find a way to quit, because camp was getting hard". After that, Gregg Boughton and I never saw eye to eye.

On August 20th, 2015, during our morning practice at Gorge Fox University at Lemons Family Field, I hurt my left thumb during a coach's supervised morning practice, pain and symptoms didn't set in right away during practice, due to adrenaline. Immediately following practice, when I took off my gloves following practice, I noticed abnormal major swelling on my left thumb and pain immediately set in. I took off my pads and practice pants, hung them in my locker and I immediately went to the treatment room, signed in and saw the school athletic trainer, Gregg Boughton, in the treatment room. I describe the nature of my injury to him as follows. "Hey, Gregg I think I broke my thumb or tore a ligament in my left thumb following the morning practice, my thumb hurts really bad and it's visibly swollen, I need to go see a Doctor for treatment". Gregg Boughton examined my thumb and responded by saying "your thumb is fine, there is nothing wrong with it, I don't think you tore anything, I think it's just jammed, I will put some ice on it" Gregg wrapped a bag of ice wrapped around my thumb and I went to lunch. After launch before the evening, practice I came back to see Gregg Boughton for farther treatment and he taped my thumb with an athletic tape, I saw Gregg Boughton again the following day again, and I asked to go see the Doctor and Gregg Refused to send me to the Doctor, "he told me to toughen up its football and that I needed to play through the bumps and bruises". I told him I have been an athlete my whole life, even citing my MMA experience and I showed him a picture of me all beat up and I told him I know what toughness is and I know what an Injured thumb feels like, it not a matter of toughness, I'm really injured, my thumb hurts and it feels like its broken and something might be torn, I can't tie my football cleats, I can't snap on my helmet strap, I can't swipe on my touch screen phone, my thumb is beyond a jammed. Again, I asked to go see a doctor and he simply said no and denied my request, once again. This went on and on I

got the same answer, every time I asked to go see a doctor. I wasn't allowed to see the doctor and wasn't allowed to take time off from practice to allow my injury to heal or see a doctor, so I kept practicing on my injured thumb until august 27th, 2015. Gregg Boughton and I finally exchanged some harsh words the last time I saw him prior to me quitting the team on Aug. 27th, 2015. Gregg then told me my injury is too insignificant for him to send me to the doctor, and that my injury was just a booboo and I just need to men up and stop whining. After briefly returning from quitting the team, due to some racially motivated cyber bullying and some racist remarks by former teammate Dominick Fix- Gonzalez and briefly on September 1st, 2015 Gregg Boughton examined my thumb one more time during practice on the field and he again, he asked how my thumb felt, even after roughly four days off, from impact when I wasn't playing football   I told him my symptoms hadn't changed and my thumb still hurt, the swelling is still there and my thumb itches by the joint.

**Defendant 1: Gregg Boughton:** Gregg Boughton's negligence in the treatment/lack of treatment/ misdiagnosis and inadequate treatment of my injured thumb, from August. 20th, 2015- Aug. 27th, 2015, and sept. 1st, 2015 discriminatory treatment directly contributed to the rupture of my Ulnar Collateral Ligament of my left thumb. As the head athletic trainer for George Fox University, certified EMT-B/athletic trainer and the primary person responsible in making all the decisions in regards to my treatment as the member of the 2015 football team and the time I was in camp from Aug. 15, 2015 to Aug. 27th, 2015 and Sept. 1st 2015, it was his job to treat me adequately and he breached that duty of care. 1) Had Gregg Boughton sent me to the doctor the very first time when I came to him on aug.20, 2015-27th, and sent me to the doctor, for evolution of my injury and appropriate treatment, instead of refusing to send me to the doctor, farther injury and damage to my left thumb would have minimized, prevented or eliminated altogether. (I would have either been put in a cast as pictured on Exhibit#7 and #8  when my injury was still minor on Aug. 20th, 2015, or had surgery right away on my thumb with a possibility to reattach my ruptured Ulnar Collateral Ligament of left thumb with the torn portion of the ligament and not have to had my palmaris longus tendon harvested for the reconstruction( see doctors notes , exhibit#9 ) also the rest of the following events in my next claims would  have all been avoided (see, exhibit#3,4,5,6,7,8 and 10  all treatments I got that helped resolve my injury, which could have been provided to me immediately had Gregg Boughton sent me to the doctor when I asked him to do so    2) Had, Gregg Boughton, held me out of practice to let my thumb heal up for a week, then sent me to go see a doctor if my symptoms didn't improve instead of telling the coaches that there is nothing wrong with my thumb and refused to give me time off from practice, farther injury to my thumb would have been avoided. 3) Had Gregg Boughton treated me adequately, with a functional cast (exhibit#6) which the athletic training room had at the time of my injury and treatment and Gregg Boughton could have used it to treat me the way he treated other players, instead of treating me with ice and tape ((see Exhibit #1 similar picture of athletic tape I was treated with), farther injury to my thumb would've also been avoided. 4) Had Gregg Boughton exercised reasonable care in his actions all farther injury to my thumb have been avoided. 5) discriminatory treatment had Gregg Boughton treated me the way he treated all the white players that were hurt during football camp were allowed to get the best treatment available, the whit players were sent home, sent to the doctor, had surgery right away within 24 hours when the where hurt, had their insurance claim with AIG filled by Defendant Gregg

Boughton out immediately and given the best splint or braces. Had my thumb injury been treated the same way the player's injury were treated, farther injury to my thumb would have been avoided. (Full rupture of my Ulna Collateral Ligament of left thumb) 6) No reasonable athletic trainer would treat my injury the way Gregg Boughton treated my injury. Given my previous interactions with Gregg Boughton, and how that went, there was animosity involved, and the intent was to send a message to me to show me who the boss is. I didn't just get treated the way he treated me due to lack of knowledge or resources. Gregg Boughton's negligent treatment of my left thumb injury are the proximate causes of my thumb injury and directly contributed to farther injury of my left thumb (ruptured Ulna Collateral Ligament of left thumb)

**Defendant 2: Chris Casey**: Chris Casey negligently contributed in causing farther injury to my left thumb by (**misdiagnosis of my left thumb injury and Inadequate/mistreatment of my thumb injury. Misdiagnosis of my left thumb injury** (Casey diagnosed my left thumb Injury with no fracture and no torn ligament, instead of: left fracture(s) and 3rd degree UCL sprain/full rupture). **Inadequate/ mistreatment of my thumb injury** by preventing me from leaving practice, and requiring his( Casey's) permission before seeing a doctor, and issuing an order to Head Athletic Trainer, defendant Gregg Boughton to not let me go see a doctor, refer me to one, or letting me dismiss myself from practice by letting me use my own sound judgment, in the event of my injury, as in previous attempt following my illness and chewing me out. As well as by intentionally withholding treatment from by not disclosing to me and the football team that we had a team doctor/surgeon (Dr. Thomas Croy, MD as per defendant GFU admission, defendant Gregg Boughton and Dr. Thomas Croy, MD about his status as the GFU football team doctor for the 2015-16 season) or sending me to him( Dr. Thomas Croy, MD ) for adequate treatment, surgery as performed by Dr. Lohse, Grant R. MD in 2016 since that proved to have been the only adequate treatment. Had defendant Chris Casey, properly diagnosed my left thumb injury and didn't interfere with my treatment by preventing me from leaving practice issuing or an order to Head Athletic Trainer, defendant Gregg Boughton to not let me go see a doctor, refer me to one, As well as by intentionally withholding treatment from by not disclosing to me and the football team that we had a team doctor/surgeon ( Dr. Thomas Croy, MD as per defendant GFU admission, defendant Gregg Boughton and Dr. Thomas Croy, MD about his status as the GFU football team doctor for the 2015-16 season) or sending me to him( Dr. Thomas Croy, MD ) for adequate treatment, by instructing defendant Gregg Boughton to, hold me out of practice no contact until my injury was properly treated or at least mitigated, send me to the Doctor, personally taking me to the doctor or allowing me to go see the doctor so I could've gotten the best treatment available, had surgery right away within 24 hours or placed in the proper cast and proceeded with further recommendation in regards to return to play based treating doctor's advice. Had my left thumb injury been properly, diagnosed/treated, further injury to my thumb would have been avoided or treated or the intentional pain and suffering inflicted on me from 8/20/15-11/10-/16. (Full rupture of my Ulna Collateral Ligament of left thumb). As the George university football 2015-16 coach, coach Casey has a duty to his football players (plaintiff). Coaches are in position of trust/authority towards the athlete and should never knowingly do anything that would harm their athletes physically, psychologically, emotionally

or mentally. In addition, all coaches are to be trained in CPR, First Aid and AED, along with having and emergency response plan in place. In the event of an injury or medical care, duties owed to the injured athlete by a coach are ; Providing proper medical care, guaranteeing the accessibility of appropriate first aid and medical care, putting efforts to getting practical, quick and effective medical aid for an injured athlete before the arrival of proper medical help, to provide adequate and proper health care, and refraining from aggravating any injuries to the athlete. Coach Casey breeched his duty owed to me as an athlete and his breeched of his duty owed to me as an athlete, under his direct and indirect supervision are the direct and proximal causes of my injury(left fracture(s) and 3rd degree UCL sprain/full rupture) as shown in the above actions and inactions taken directly by coach Casey or by concurrent and sufficient combined negligent entrustment by direct orders to defendant Gregg Boughton, and Gregg Boughton actions and inactions in misdiagnoses/inadequate and mistreatment of my left thumb injury.

**Defendant 3**: George Fox University: George Fox University negligently contributed (liable) in causing farther injury to my left thumb for negligent hiring, negligent retention, negligent supervision and negligent training of defendant Chris Casey and Defendant Gregg Boughton, had George Fox University hired people who were competent in their jobs and roles, trained them properly, or fired them for bad judgment and conduct, supervised them properly( having another athletic trainers be involve in treatment of injuries and evaluations of injuries, farther injury to my thumb would have been avoided, (full rupture of my Ulnar Collateral Ligament of left thumb). Had defendant George fox university hired none racist and competent staff. Also, as the respondent superior to both defendant Chris Casey and Defendant Gregg Boughton, defendant George Fox University (has vicarious liability) for the acts of its agents and since my injury occurred within the course of defendant Chris Casey and Defendant Gregg Boughton employment with defendant Gorge Fox university.

**Injury Sustained: (left thumb fracture(s) and 3rd degree UCL sprain/full rupture)**

**Under tort laws also known as common law in most jurisdictions,** I'm entitled to recover damages for my injury **(left thumb fracture(s) and 3rd degree UCL sprain/full rupture)** caused by **defendaut Gregg Boughton, Defendant Chris Casey and Defendant George Fox University.**

**Damages sustained:**

**General damages (Non-economic damages: $500,000 maximum cap under Oregon law):** (physical / emotional pain and suffering, impairment physical capacity, enjoyment of life.

**Non-economic damages: $500,000 maximum cap under Oregon law**

**Economic loss**: estimated (**lost income $100,000**, not being able to work due to my injury, while waiting for treatment and for my injury to heal, and through parts of this litigation, living expenses and excess student loans **$ 39,000**, medical expenses, (TBA pending full recovery and treatments, estimate **$ 90,000** ) loss of past income (Nutrition and training equipment/ facility costs and camps for football preparation costs over 8 years, **estimate $81,000** and future earnings (NFL 3-4 Outside linebacker(8 year career ) **$70 million)** and loss of employment or business opportunities (privet pass rush coach to NFL players, **$1 million**) Speculative damages. (Future medical treatment, (stem cell, immediate/ near future and medications/rehab **$90,000**)

**Economic loss: $71.5 million**

**Punitive damages: $30 million**. To punish Gorge Fox university and make sure do don't engage in this kind of behaviors and send a message that they are not above the law. As shown here and in their track record of previous cases litigated in this court (Dauven V GFU, Natalia Harrington V GFU) along with other illegal undisclosed conduct by GFU and the football staff as shown by former coach's. **Bob Lee "I also was the victim of George Fox's Christian reputation when they lied about why I left my position as offensive coordinator and quarterback coach. Coach Casey and the administration tried to cover the whole thing up by stating that I had decided to retire and go fishing. The real issue was over the recruitment of a student football player that never should have been recruiting in the first place because he lacked the grades to get into school. They simply told a flat out lie but the players and the parents of the kids I recruited know the real story" Comments from a former Coach at GFU**

**Sum Relief Sought: $ 102 million**

Dated: 11/28/2018    signed: _____

*Samuel W Wani*
*samuelwani@eagles.ewu.edu*
*Plaintiff*
*2226 Eastlake Avenue East #272*

*Seattle, WA 98102*

## CERTIFICATE OF SERVICE

I hereby certify that on, Wednesday, November 28, 2018. I made service of the following document:

**Plaintiff Samuel Wani's 2nd Amended Compliant Case No. 3:17-CV-01011-YY, Wani Vs George Fox University and etl.**

By placing a copy in a first-class postage paid envelope in for *Bellevue Washington.*

Delivery by U.S. mail to the address (es) set forth below:

Martin W. Jaqua
The Rickles Law Firm, PC
1839 NW 24thAvenue,
Portland, OR 97210-2537
Email: mjaqua@rickels-law.com
Attorney for George Fox defendants and defendant George Fox University

*Samuel W Wani*
*samuelwani@eagles.ewu.edu*
*Plaintiff*
*2226 Eastlake Avenue East #272*

*Seattle, WA 98102*