SAMUEL W. WANI,

        Plaintiff,

   v.

GEORGE FOX UNIVERSITY; GREGG BOUGHTON; and CHRIS CASEY,

        Defendants.

Case No. 3:17-cv-01011-YY

OPINION & ORDER

YOU, Magistrate Judge:

Plaintiff, Samuel Wani ("Wani"), proceeding *pro se*, has filed a motion for reconsideration (ECF #224) of this court's March 25, 2019 opinion and order granting summary judgment on his remaining claims against defendants George Fox University, Gregg Boughton, and Chris Casey (ECF #221) and resulting judgment (ECF #222). The court finds that this matter is suitable for decision without oral argument pursuant to LR 7-1(d)(1). For the reasons discussed below, the motion for reconsideration is DENIED.

## DISCUSSION

### I. Motion for Recusal

In his motion for reconsideration, Wani asks that "this case get transferred" to another judge. Mot. Recon. 6, ECF #224. Wani alleges that:

> The very first time I was in your court room,[1] Honorable. Magistrate Judge
> Youlee Yim, the first thing you said to me was my tone on my writing and how
> should feel lucky you didn't dismiss my case following my refusal to produce my
> medical records to the defendants after I referred to Doctor Croy as a criminal as
> well as warning the counsels about touching my medical records without
> obtaining my permission first and executing the proper subpoenas.

Mot. Recon. 2, ECF #224. Based on these unsupported allegations, Wani argues that: "At this point it would simply make sense for this case to get transferred to a judge that is not so blind to justice[] at this point it's no longer the absence, pretendness [sic] and ignorance to true justice[]." *Id.* at 6.

Wani, does not explicitly move for recusal; however, because he is proceeding *pro se*, the court construes his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed.") (internal quotation marks and citations omitted). The court, therefore, examines Wani's request for recusal under 28 U.S.C. §§ 144 and 455, the two statutes that govern such requests. *See U.S. v. Odachyan*, 749 F.3d 798, 801 (9th Cir. 2014) (noting that 28 U.S.C. §§ 144 and 455 define when a judge must recuse herself due to personal bias).

28 U.S.C. § 144 provides that a judge "shall proceed no further" when presented with a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice." Once a sufficient affidavit has been filed, a different judge shall be assigned to hear the proceeding. *Id.* In order to be "sufficient," the affidavit "shall state the facts and the reasons for the belief that bias or prejudice exists," and must be accompanied by a certificate of

---

[1] The court appearance that Wani refers to occurred on January 10, 2018. *See* ECF #123. Notably, over the subsequent 15 months, the undersigned issued two Findings and Recommendations and one Opinion and Order, and during that time span, Wani did not move for recusal. *See* ECF #128, 198, 221. Only after summary judgment was granted on all of his claims did Wani allege bias.

counsel of record stating that it is made in good faith. *Id.* The affidavit "shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard," unless good cause is shown for failure to file within such time. *Id.* The Ninth Circuit has repeatedly held that the challenged judge should rule on the sufficiency of a section 144 motion. *See, e.g.*, *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *United States v. Azhocar,* 581 F.2d 735, 738 (9th Cir. 1978). Here, Wani has not filed any affidavit in support of his request for recusal. Additionally, the request is untimely, and Wani has shown no good cause for his failure to comply with the time requirement.

Wani's request also fails to satisfy 28 U.S.C. § 455, which requires that a judge shall recuse "where he has a personal bias or prejudice concerning a party." Where the source of alleged bias or prejudice is a judicial proceeding, the party must show a disposition on the part of the judge that "is so extreme as to display clear inability to render fair judgment." *Liteky v. U.S.*, 510 U.S. 540, 551 (1994). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *United States v. Wilkerson*, 208 F.3d 794, 797 (9th Cir. 2000) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)). Here, even accepting his allegations as true, Wani fails to allege bias that is "so extreme" as to demonstrate "clear inability to render fair judgment." *Liteky*, 510 U.S. at 551. Commenting on the tone of a brief or that a claim could be dismissed for failure to comply with discovery rules falls short of the high standard articulated by the Supreme Court. *Id.* at 555-56 (holding that bias is not established based on expressions of impatience, dissatisfaction, annoyance, or anger that are within the normal bounds of a judge's ordinary courtroom administration).

Moreover, a judge "must not simply recuse out of an abundance of caution when the facts do not warrant recusal. Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1200-01 (E.D. Cal. 2010) (citing *United States v. Holland,* 519 F.3d 909, 912 (9th Cir. 2008)). Because Wani's request for recusal is deficient under both 28 U.S.C. §§ 144 and 455, it is denied.

## II.     Motion for Reconsideration

A district court may reconsider its grant of summary judgment under either FRCP 59(e) or 60(b). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under FRCP 59(e), the district court may alter or amend a judgment if: (1) it is presented with newly discovered evidence; (2) it committed clear error or made an initial decision that was manifestly unjust; or (3) there is an intervening change in controlling law. *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)).

None of these factors are present. Wani has not presented any newly discovered evidence and there has been no intervening change in the controlling law.[2] Wani does not explicitly argue that the court committed clear error; however, he does argue that "errors [were] made [in] regards to the law." Mot. Recon. 1, ECF #224. Nevertheless, Wani fails to identify

---

[2] While Wani argues that there is new evidence in "the record that is now available to the court that wasn't available prior to the orders that allowed the dismissal of a majority of [his] claims," such is not the case. Mot. Recon. 1, ECF #224. Wani appears to be referring to a reply in support of his objections to this court's previous Findings and Recommendations. That reply was stricken from the record by Judge Hernández because it was not allowed under FRCP 72(b)(2). *See* ECF #206; *see also* Pl. Resp. to Def. Sec. Mot. Summ. J. 1-5, ECF #219 (repeatedly insisting that the court accept and consider ECF #206). Additionally, Wani appears to be referring to a subsequent email and its attachments that he sent to the court, which Judge Hernández construed as continuing objections and/or a renewed attempt to submit a reply. *See* ECF #208; *see also* Pl. Resp. to Def. Sec. Mot. Summ. J. 1-5, ECF #219 (repeatedly insisting that the court accept and consider ECF #208).

any specific errors of law. Instead, he renews his arguments regarding the evidence he claims is newly discovered, but was properly rejected by Judge Hernández because it was not allowed under FRCP 72(b)(2). *See* ECF #206 and 208. Wani also appears to argue that the court's decision is manifestly unjust. However, his argument merely consists of unsupported allegations of bias and unfair treatment. *See* Mot. Recon. 4, ECF #224 (alleging—without any specific examples or supporting evidence—that the court allowed defense counsel to "withhold discoverable documents, lie, wiretap, and behave in the way that they have without any sanctions turning this litigation into a dirty fight and cheap shots being taken left and right"). Thus, Wani has failed to establish that reconsideration is allowed under FRCP 59(e).

Rule 60(b) allows a district court to provide relief from final judgment if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Wani does not argue that any of the conditions in Rule 60(b)(1) or 60(b)(4)-(6) are met. While Wani does not explicitly rely on Rule 60(b)(2) or (b)(3), it appears that he contends those conditions have been met. *See* Mot. Recon. 1, 4-5, ECF #224 (arguing that he has presented new evidence and that he has been treated unfairly). As discussed above, however, there is no newly discovered evidence before the court. Thus, reconsideration is not warranted under FRCP 60(b)(2).

To prevail on a motion for reconsideration pursuant to FRCP 60(b)(3), "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud,

misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting" its case. *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (citation omitted). Wani's unsupported assertions fall short of this standard. Wani asserts that defendants tried to "paint [him] as illiterate," wiretapped him, and lied to the court. Mot. Recon. 4-5, ECF #224. However, Wani has provided no evidence to support his accusations. Wani essentially repeats allegations regarding a letter prepared by Dean of Students Mark Pothoff, in which Pothoff erroneously stated that Dr. Croy had examined Wani's thumb, when Dr. Croy had only examined an x-ray of Wani's thumb. Mot. Recon. 4-6, ECF #224. While the court concluded that Pothoff's statement was erroneous, it determined that no evidence supported Wani's allegations of misconduct on the part of defendants or their attorneys. *See* Findings and Recommendation 10-11 n.6, 21, ECF #198, *adopted in relevant part by* Opinion and Order 9-10, ECF #209. The court further noted that even if Pothoff had intentionally lied in the letter, it would be irrelevant to Wani's claims. *See id.* at 20-21. Accordingly, Wani has not satisfied the requirements for vacating the judgment under FRCP 60(b)(3). *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995) (holding that motions brought under FRCP 60(b) are properly rejected where the motion merely reiterates arguments that have already been presented to the court).

## CONCLUSION

For the reasons stated above, Wani's Motion for Reconsideration (ECF #224) is DENIED.

DATED May 22, 2019.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge