NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL W. WANI, | No.   19-35355 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01011-YY |
| v. | |
| GEORGE FOX UNIVERSITY; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| PROVIDENCE MEDICAL GROUP, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding[**]

Submitted March 31, 2021[***]

Before:   FERNANDEZ, SILVERMAN, AND N.R. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Samuel W. Wani appeals pro se from the district court's judgment in his action alleging federal and state law claims arising out of an injury sustained while attending George Fox University ("GFU") as a student athlete and an incident of cyberbullying. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hamby v. Hammon*, 821 F.3d 1085, 1090 (9th Cir. 2016) (summary judgment); *Yakima Valley Mem'l Hosp. v. Wash. Dep't of Health*, 654 F.3d 919, 925 (9th Cir. 2011) (judgment on the pleadings). We affirm.

The district court properly granted judgment on the pleadings for Fix-Gonzalez on Wani's cyberbullying claim because Oregon's cyberbullying statue does not create any statutory cause of action. *See* Or. Rev. Stat. § 339.364.

The district court properly granted judgment on the pleadings for Fix-Gonzalez and the individual GFU defendants ("GFU Defendants")[1] on Wani's racial harassment and racial discrimination claims because these defendants are individuals. *See* 42 U.S.C. § 2000d (statute applies only to "program or activity receiving federal assistance").

The district court properly granted judgment on the pleadings for GFU on Wani's racial harassment claim because Wani failed to allege facts sufficient to show a hostile environment. *See Monteiro v. Tempe Union High Sch. Dist.*, 158

---

[1] The individual GFU defendants are: Gregg Boughton; Chris Casey; John Bates; Ian Sanders; Gabe Haberly; Craig Taylor; Dave Johnstone; Mark Pothoff; and Sarah Taylor.

F.3d 1022, 1033 (9th Cir. 1998) (setting forth the definition of a hostile environment and delineating the test for a Title VI violation).

The district court properly dismissed Wani's negligence claims against GFU and the GFU defendants arising from these defendants' alleged failure to address his injury because Wani failed to allege facts sufficient to show these defendants breached a duty of care while he was a student at GFU. *See Brennen v. City of Eugene*, 591 P.2d 719, 722 (Or. 1979) (setting forth elements of negligence and breach of duty of care claims).

The district court properly dismissed Wani's intentional infliction of emotional distress ("IIED") claims against GFU and the GFU defendants because Wani failed to allege facts sufficient to show these defendants intended to inflict severe emotional distress. *See Dawson v. Entek Intern.*, 630 F.3d 928, 941 (9th Cir. 2011) (setting forth the three-part test for IIED under Oregon law). The district court properly granted judgment on the pleadings for Fix-Gonzalez on Wani's IIED claim because Wani failed to allege that Fix-Gonzalez's actions "were sufficiently grievous to constitute a transgression of the bounds of socially tolerable conduct." *Id.*

The district court properly dismissed Wani's claim for negligent infliction of emotional distress ("NIED") against GFU and the GFU defendants because Wani failed to allege facts sufficient to show whether his relationship with these

defendants gave rise to a distinct, legally protected interest. *See Stevens v. First Interstate Bank of Cal.*, 999 P.2d 551, 554 (Or. App. 2000) (to recover for NIED under Oregon law, a plaintiff must demonstrate a relationship with defendants that gives rise to "some distinct legally protected interest beyond liability grounded in the general obligation to take reasonable care not to cause a risk of foreseeable harm" (citation and internal quotation marks omitted)). The district court properly granted defendant Fix-Gonzalez's motion for judgment on the pleadings on Wani's NIED claim because Wani failed to allege his relationship with Fix-Gonzalez created a distinct, legally protected interest. *See id.*

The district court properly granted summary judgment on Wani's Title VI racial discrimination claims because Wani failed to raise a genuine dispute of material fact as to whether GFU was deliberately indifferent to known peer harassment or disparate treatment in medical care. *See Monteiro*, 158 F.3d at 1033 ("When a district is deliberately indifferent to its students' right to a learning environment free of racial hostility and discrimination, it is liable for damages under Title VI." (citation and internal quotation marks omitted); *see also Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1135 (9th Cir. 2003) ("Deliberate indifference is found if the school administrator responds to known peer harassment in a manner that is . . . clearly unreasonable." (internal citation omitted)).

The district court properly dismissed Wani's Health Insurance Portability and Accountability Act ("HIPAA") claims against defendants Taylor and Boughton because HIPAA does not allow a private civil action for money damages. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) (HIPAA itself provides no private right of action).

The district court properly dismissed Wani's breach of contract claim against GFU because Wani failed to allege facts sufficient to show the existence of a contract. *See Slover v. Or. State Bd. of Clinical Soc. Workers*, 927 P.2d 1098, 1101-02 (Or. App. 1996) (setting forth the elements of breach of contract under Oregon law).

The district court properly granted summary judgment on Wani's negligence claim against defendant Croy because Wani failed to raise a genuine dispute of material fact that defendant Croy had a duty of care to Wani and that Croy breached that duty. *See Brennen*, 591 P.2d at 722 (outlining the elements required to show negligence under state law).

The district court properly granted summary judgment on Wani's negligence claim against defendants Boughton and Casey because Wani failed to provide expert testimony regarding the standard of care and causation. *See Baughman v. Pina*, 113 P.3d 459, 460 (Or. App. 2005) (expert testimony is required to establish causation); *see also Getchell v. Mansfield*, 489 P.2d 953, 179 (Or. 1971) (expert

testimony is required to determine what reasonable practice is in the community).

The district court properly granted summary judgment for defendant GFU on the remaining vicarious liability and negligent hiring claims because the underlying claims against defendants Boughton and Casey failed. *See Schmidt v. Slader*, 327 P.3d 1182, 1185-86 (Or. App. 2014) (outlining the elements of vicarious liability); *see also Brennen*, 591 P.2d at 722 (outlining the elements required to show negligence under state law).

The district court did not abuse its discretion by dismissing Wani's second amended complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1040-41 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend if amendment would be futile).

The district court did not abuse its discretion in denying Wani's motion to compel discovery because Wani failed to establish that denial would result in actual and substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and explaining that a district court's "decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Wani's motion for

reconsideration because Wani failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (standard of review and discussing grounds for reconsideration).

The district court did not abuse its discretion by denying Wani's motion for recusal because Wani presented no basis for recusal. *See Glick v. Edwards*, 803 F.3d 505, 508 (9th Cir. 2015) (setting forth standard of review and grounds for recusal); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We do not consider matters not specifically and distinctly raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Wani's motion for an evidentiary hearing (Docket Entry No. 31) and any related requests set forth in his supplemental pleadings regarding the motion (Docket Entry No. 35) are denied.

**AFFIRMED.**